IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMÓN PARÉS ÁLVAREZ,<br><br>Plaintiff<br><br>v.<br><br>RANGER AMERICAN OF PUERTO RICO, INC.<br><br>Defendant | CIVIL No.: 15-1163<br><br>Uniformed Services Employment and Reemployment Rights Act ("USERRA"); P.R. Military Code; Americans with Disabilities Act ("ADA"); Act No. 80; Act No. 100; Act No. 44; Act No. 115.<br><br>JURY TRIAL IS REQUESTED |

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW plaintiff Ramón Parés Álvarez through the undersigned attorneys, and very respectfully states, alleges and prays as follows:

### I.   NATURE OF THE ACTION

1. This is an action brought by plaintiff Ramón Parés Álvarez (hereinafter "Parés"), against his former employer, Ranger American of Puerto Rico, Inc. (hereinafter "Ranger" or "defendant"), for discrimination by reason of military status, disability, request for reasonable accommodation, retaliation and for wrongful discharge.

2. The plaintiff brings this action to remedy the depravation of rights secured to him, under the laws of the United States of America and Puerto Rico.

3. Parés alleges, in synthesis, that he was harassed, discriminated, retaliated and eventually discharged by reason of his military status, disability and request for a reasonable accommodation, and also in retaliation due to his position against defendant's unlawful employment practices.

4. Plaintiff suffered damages as a result of defendant's actions.

5. The Plaintiff requests this Honorable Court, among other things, for compensation for his mental and emotional sufferings, and compensation for his economic damages, back and front pay, loss of benefits, and reinstatement.

## II.     JURISDICTION

6. This Honorable Court has jurisdiction to entertain this civil action pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C.A. §4301, et seq. and the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. §12101, et seq.  The plaintiff also invokes this Honorable Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the causes of action arising from the laws of the Commonwealth of Puerto Rico: Act No. 62 of June 23, 1969, "the Puerto Rico Military Code"; Act No. 80 of May 30, 1976 for wrongful discharge; Act No. 100 of June 30, 1959, as amended, for discrimination based on military status; Act No. 44 of June 2, 1985 for discrimination because of disability; and, Act No. 115 of December 20, 1991, for retaliation.

7. All conditions precedent to jurisdiction under the applicable federal and local statutes, have been complied with, since the plaintiff filed his discrimination charge before the EEOC and the ADU and received the Notice of Right to Sue letter on January 26, 2015.

8. Pursuant to USERRA, 38 USCS §4323(h)(1), [n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter.

## III.     JURY TRIAL DEMANDED

9. The plaintiff demands a jury trial on all causes of action pleaded in this case.

## IV.    PARTIES

10.     The plaintiff, Parés, is a natural person, married, of legal age and resident of Guaynabo, Puerto Rico.

11.     Parés, a Major and a military police officer, has been in the military for over 30 years.  He is an active member with the U.S. Army Reserve and has served in the United States Army and in the United States Air Force.  Among his military assignments, Parés served in the 24th Combat Support Wing, Security Police (Operation Just Cause) in Panamá, the 755th Military Policy Company, Squad Leader (Operations Shield/Storm) in Kuwait/Saudi Arabia and in the 346th Transportation Battalion, S-1, Battalion Safety & Security Officer (Operations Enduring/Iraqi Freedom) in Iraq/Kuwait.

12.     Parés has received over 24 awards and decorations for his military service, including an Army Commendation Medal (1 OLC), an Air Force Commendation Medal (1 OLC) and an Army Reserve Component Achievement Medal (4 OLC).

13.     As a result of a terrible and unfortunate vehicle accident during his military assignment in Iraq/Kuwait, Parés suffers from traumatic brain injury disorder, which may cause him, among other things, a state of being dazed, confused or disoriented. Parés also suffers from high blood pressure and heart disease.  Parés was regarded as an individual with impairment and a disability.  Nevertheless and notwithstanding the aforementioned, the plaintiff could perform the functions and duties of his position with a reasonable accommodation.

14.     Parés requested reasonable accommodation, specifically, medical leaves and time off in order to receive medical treatment for his conditions.

15. Parés is a qualified individual with a disability, as the applicable statutes define the term.

16. The defendant, Ranger, is a corporation duly incorporated and authorized to do business in Puerto Rico, and has continuously employed in excess of 50 persons at all times. At all times, the defendant has been an "employer", as defined by all applicable statues.

## V. STATEMENT OF CLAIM

17. Parés started working for Ranger on September 28, 2012 and worked until May 21, 2014, the date he was terminated.

18. During all the time that Parés worked for the defendant, his performance was outstanding. However, defendant started to harass, discriminate and retaliate against the plaintiff due to his military status, his disabilities, his request for reasonable accommodation, and in retaliation due to his opposition against defendant's unlawful employment practices.

19. During Parés' interview with Ranger's Vice President of Operations, Mr. Adalberto Mercado ("Mercado"), he was asked by Mercado with an antimilitary animus if he was willing to resign to his military career if hired by Ranger for the position. Mercado's line of questioning violated Parés' protected rights as a member of the military. Parés asked Mercado to stop making unlawful questions.

20. Parés, at all times, informed Mercado and the defendant about his traumatic brain injury disorder due to the accident suffered during his military service in Iraq/Kuwait.

21. Parés showed Mercado pictures taken of his head injuries when the accident occurred and explained the symptoms and signs that may appear without any notice such as dazedness, confusion and disorientation.  Parés asked Mercado for reasonable accommodation in the event that the symptoms and signs of the disorder would appear.

22. Mercado was disgusted by Parés' medical condition and never provided him any type of accommodation, but on the contrary, constantly threatened the plaintiff with his termination of employment.

23. Also, Parés, at all times, informed the defendant and its officers about his high blood pressure and heart disease; for which periodically he had to visit his cardiologist.

24. Since plaintiff had to attend periodical trainings as a result of his military service, Parés had to take military leave from his employer Ranger.  Plaintiff's participation in the trainings related to his membership with the U.S. Army Reserve did not by any means affect his performance as an employee.

25. During the years that he worked with Ranger, Parés' performance was of excellence with positive feedback from the clients and peers he assisted.  Parés was the only fully bilingual manager in Ranger at the time.  Parés was also defendant's designated instructor in its "Academia de Oficiales de Nuevo Ingreso" in which he excelled training new hires for Ranger.

26. Notwithstanding, Mercado was always complaining and making derogatory comments about the military employees and how they interrupted the business operations with their military leaves.  Mercado gave instructions to the Human

Resources Department to investigate whether a candidate was in the military before recruitment.

27. While Parés conducted recruitment for the United States Postal Services Command Port Project, Mercado ordered him to keep at a minimum the military personnel for the staffing of Ranger's project because they would only cause problems when they left to their military leave, drills and annual training. Parés opposed Mercado's unlawful agenda and asked him to stop discriminating and harassing him and others for their military service.

28. Defendant's antimilitary animus and harassment was so pervasive that Parés appeared before the Office of the Veterans' Procurer to seek help and assistance with the situation. Notwithstanding, defendant continued its unlawful practices and retaliated Parés for his protected activity.

29. During the month of March 2014, Parés applied for the Central Station Manager Job posting with Ranger. Parés was never considered for the position, because of his military status and his disabilities.

30. Due to a U.S. Army Reserve (Training and Doctrine Command, TRADOC) re-accreditation process, Parés went on military license from March 31 to April 18, 2014.

31. As the 5th Brigade (MF), 94th Division (FS), 80th Command (TASS) Deputy Operations Officer, Parés had the responsibility of planning, scheduling, coordinating, and executing the process for the training Brigade and subordinate Battalions reaccreditation process.

32. While on military leave, Ranger employee Wilfredo Soto accessed Parés' computer account, made hard copies of his U.S. Army reserve employer letters and removed all his personal belongings from his cubicle including his official military photo and a photo from the President of the United States of America, Hon. Barack H. Obama.

33. Parés interrupted his military leave to show up to work out of fear of defendant's continuous threats of terminating his job.

34. During the week of April 21 to May 4, 2014, Parés returned to work. He found an empty cubicle, was treated with indifference, cold hearted attitude and hostile behavior on Mercado's part. Mercado increased his harassment and discrimination and made it clear that he hated anything that had to do with the U.S. Armed Forces and its branches (Reserve/National Guard).

35. Mercado, as well as other defendant's officers, would constantly threaten Parés with termination of his employment, due to his military leave requests, notwithstanding the fact that plaintiff's performance was of excellence and that his military leaves were adequately notified and supported by orders from his superior officers in the military.

36. In May 5, 2014, Parés suffered a cardiac arrest, due to the hostile environment that he suffered upon his return from military license by Mercado and other officers in Ranger. Due to medical recommendation, Parés was out of the office for two (2) weeks in absolute rest.

37. Immediately upon his return to work from military leave and subsequent medical leave, without notice on May 21, 2014 Parés was denied access to Ranger's

computer systems and asked by Mercado to meet with him in one of the conference rooms. In the meeting with Mercado, was Mrs. Adriana García, the newly hired Vice President of Human Resources for Ranger.

38.    At the meeting, Mercado terminated Parés' employment, due to alleged "inefficiency" and Mrs. García told Parés that if he wanted, he could resign instead of being fired.

39.    Ranger's actions and omissions created intolerable working conditions, which affected plaintiff's mental, emotional and physical condition.  As a result of Ranger's actions and the hostile working environment in which Parés worked, he has been suffering emotional damages and is receiving treatment for his medical condition.

40.    Undoubtedly, Ranger's actions, omissions and retaliation against Parés have been motivated by his military status and service, his disabilities, request for reasonable accommodation, and also, due to his opposition against defendant's unlawful employment practices in violation of local and federal statutes.  Ranger's actions and omissions have also been intentional, with malice and recklessness in violation of federal laws.

## FIRST CAUSE OF ACTION

41.    Averments 1 through 40 are incorporated and made part of this cause of action.

42.    The events described herein constitute illegal discrimination and retaliation due to plaintiff's military status and service, as well as opposition against defendant's unlawful employment practices in violation of USERRA.

43. Plaintiff's military status and service was a substantial or motivating factor in the adverse employment actions taken by the defendant against the plaintiff, which included direct comments regarding his military membership and attendance to military trainings, which culminated in Parés' termination of employment.

## SECOND CAUSE OF ACTION

44. Averments 1 through 40 are incorporated and made part of this cause of action.

45. The actions taken by the defendant against Parés also constitute a violation of the antidiscrimination provisions of the Puerto Rico Military Code.

## THIRD CAUSE OF ACTION

46. Averments 1 through 40 are incorporated and made part of this cause of action.

47. The actions taken by the defendant against Parés also constitute a violation of the antidiscrimination provisions of Act 100.

## FORTH CAUSE OF ACTION

48. Averments 1 through 40 are incorporated and made part of this cause of action.

49. The events describe herein constitute retaliation for plaintiff's opposition against defendant's unlawful employment practices in violation of Act 115 and USERRA.

## FIFTH CAUSE OF ACTION

50. Averments 1 through 40 are incorporated and made part of this cause of action.

51. The actions taken by the defendant against Parés also constitute a violation of the Americans with Disabilities Act ("ADA") and Act 44.

## SIXTH CAUSE OF ACTION

52. Averments 1 through 40 are incorporated and made part of this cause of action.

53. Parés was wrongfully discharge in violation of Act 80.

## RELIEF

**WHEREFORE**, the plaintiff prays this Honorable Court:

1. Award plaintiff damages in the amount of $500,000.00 for mental anguishes and emotional sufferings.

2. Order the defendant to make plaintiff whole, by ordering the payment of loss of income, back pay, front pay and loss of benefits, in the amount of no less than $400,000.00.

3. Order defendant to pay plaintiff an amount equal to the amount referred to in the preceding paragraph as liquidated damages, for defendant's willful failure to comply with the applicable statutes which exceeds the sum of $400,000.00.

4. Award the plaintiff compensatory damages caused as a result of the illegal actions and omissions in the amount of $500,000.00

5. Award the plaintiff punitive damages.

6. Award the plaintiff double damages.

7. Reinstatement.

8. Award the plaintiff severance under Act 80.

9. Award the plaintiff cost of this action, together with reasonable attorney's fees.

10. Award the plaintiff prejudgment interests.

11. Award the plaintiff any other remedies to which he is entitled to, under the laws invoked in this Complaint, and in equity.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of February, 2015.

**ARROYO & RÍOS LAW OFFICES, P.S.C.**
Attorneys for Plaintiff Parés
PMB 688, 1353 Ave. Luis Vigoreaux
Guaynabo, P.R. 00966
Tel.:   (787) 522-8080
Fax:   (787) 523-5696

*s/ Jessica A. Figueroa-Arce*
Jessica A. Figueroa-Arce
USDC-PR No. 225206
jfigueroa@arroyorioslaw.com

*s/ Moraima S. Ríos Robles*
Moraima S. Ríos Robles
USDC-PR No. 224912
mrios@arroyoríoslaw.com